STATE, Appellant v. WILLIAMS, Respondent.

(228 N. W. 470.)

(File No. 6776.   Opinion filed December 31, 1929.)

Buell F. Jones, Attorney General, and William A. Marble, State's Attorney, of Emery, for the State.

POLLEY, J.  Defendant was prosecuted under the provisions of section 7642, Rev. Code 1919, as amended by chapter 199, Laws 1921.  The information charges that he was wilfully and unlawfully failing and neglecting to cause certain children in his care, custody, and control, said children being of the ages of 10 and 11 years of age respectively, to attend school, as required by said law. Subdivision 1 of this statute reads as follows:  "Every person having under his control a child of the age of eight years and not exceeding the age of seventeen years, shall annually cause such child to regularly attend some public or private day school for the entire term during which the public school in the district in which such person resides, or the school to which such child is assigned

to attend, is in session, until such child shall have completed the first eight grades of the regular common school course, or shall have completed a course in a private day school equivalent to the first eight grades of the regular common school course, or shall have reached the age of seventeen years, unless excused as hereinafter provided."

Such excuses, so far as need be noticed in this case are found in paragraph (b) of subdivision 3 of said section, and are as follows: "Because the child is otherwise instructed by a competent person and for a like period of time in the branches commonly taught in the public schools; provided, that all such instruction shall be given only and entirely in the English language. The County Superintendent shall be the judge as to the competency of such instruction and the child so instructed shall take such examination as the County Superintendent may require, and reports covering his work shall be filed with the County Superintendent in such form and as often as that officer may require."

At the trial defendant questioned the constitutionality of the above law, and the court entered the following order: "Ordered, adjudged and decreed, that the statute which the defendant is charged with violating is in contravention of article 14, § 1, of the Amendments to the Constitution of the United States; that the statute is therefore unconstitutional and void." The case was dismissed, and the state appeals.

No brief has been filed by respondent, but it is stated by appellant that the trial judge in holding the said statute to be unconstitutional and void based his decision on the case of Pierce v. Society of Sisters, 268 U. S. 510, 45 S. Ct. 571, 573, 69 L. Ed. 1070, 39 A. L. R. 468, commonly known as the "Oregon School Case." But the Oregon law is materially different from ours. The Oregon law provides that any person having custody and control of any child under the age of 16 years and of the age of 8 who shall fail or neglect or refuse to send such child to a public school shall be guilty of a misdemeanor, while by our law the child may attend either a public or private school or be instructed by a competent person, as provided in paragraph (b) of subdivision 3 of section above set out. Compulsory education to the extent of the first eight grades of the common school course is the fixed, settled policy of this state, but whether such education is to be acquired

at a public or private school or by private instruction is left to the discretion of the parents or guardians of children. Under the Oregon law parents and guardians are allowed no discretion whatever; every child must attend the *public* school through the first eight grades of the common school course. In Pierce v. Society of Sisters, supra, it is said: "The child is not the mere creature of the state; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations."

What the state has a right to demand and all that is demanded by the South Dakota law is that normal children of school age attend some school, or that he be instructed by a competent instructor, and "that teachers shall be of good moral character and patriotic disposition, that certain studies plainly essential to good citizenship must be taught, and that nothing be taught which is manifestly inimical to the public welfare." Pierce v. Society of Sisters, supra. The South Dakota law is well within this doctrine.

The judgment appealed from is reversed.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN, JJ., concur.